## JOHN McCANN v. CALVIN RATHBONE.

A tenant at will or by sufferance, who assigns his interest to another, forfeits or puts an end to his estate; and the assignee, entering into possession, may, at the election of the owner of the leased premises, be treated either as a tenant or a trespasser.

EXCEPTIONS to rulings of a special Court, as to the necessity or sufficiency of a notice to quit the premises, for possession of which suit was brought.

The facts of the case, the rulings excepted to, and the points presented by counsel, are fully enough set forth in the Court's opinion.

*Markland, for the plaintiff,* in support of his exceptions, cited *Hollis* v. *Pool,* 3 Met. 550; *Benedict* v. *Morse,* 10 Ib. 230; *Hildreth* v. *Conant,* 10 Ib. 298; *Howard* v. *Merriam,* 5 Cush. 563; 1 Washb. on Real Prop. 372, 373; 1 Greenl. Cruise (2d Am. ed.),

289, ch. iii. § 2 ; *Phillips* v. *Covert,* 7 Johns. 1 ; *Suffern* v. *Town-send,* 9 Ib. 35 ; *Daniels* v. *Pond,* 21 Pick. 367 ; *Campbell* v. *Proctor,* 6 Greenl. 12 ; *McKay* v. *Mumford,* 10 Wend. 351 ; *Rowan* v. *Lytle,* 11 Ib. 616 ; 1 Greenl. Cruise (2d Am. ed.), 278, ch. i. § 7 ; 1 Washb. on Real Prop. 394, § 6 ; *Cooper* v. *Adams,* 6 Cush. 87.

*Borden, for the defendant,* cited ch. 205 of Rev. Stats. ; *Evans* v. *Gray,* 5 Gray, 308 ; *Benedict et al.* v. *Morse,* 10 Met. 230 ; *Hildreth* v. *Conant,* 10 Ib. 298 ; *Howard* v. *Merriam,* 5 Ib. 563 ; *Furlong* v. *Leary,* 8 Cush. 408 ; *Campbell* v. *Proctor,* 6 Greenl. 12 ; *Laguenne* v. *Dougherty,* 35 Penn. 44 ; *Russell* v. *Fabyan,* 34 N. H. 218–224.

DURFEE, J. On the first day of January, 1861, James Read, being the owner of the tenement in controversy, demised it by written lease to John Balkcom, for five years. Balkcom entered under his lease and continued in possession till September, 1865, when he sublet to the defendant, who has been in possession from that time. Balkcom, on the expiration of his lease, according to the finding of the justice who tried the case, became tenant at will to Read, and never had notice to quit except a notice given March 28th, 1866, to quit April 2d, 1866, which the plaintiff admits was insufficient. On the 30th April, 1866, during the subsistence of Balkcom's tenancy at will, Read demised the premises in question to the plaintiff for five years, and on the 3d day of May, 1866, the plaintiff commenced this action. On the trial, the judge ruled that there having been no proper notice to quit, the plaintiff could not maintain his action. To this ruling the plaintiff has excepted, and now contends that the ruling was erroneous ; first, on the ground that the lease by Read to the plaintiff put an end to Balkcom's tenancy at will, and so likewise put an end to his right of notice under the statute ; and, second, on the ground that the lease by Balkcom to the defendant—Balkcom being only a tenant at will or by sufferance—was invalid and operated as a forfeiture of the tenancy.

Without expressing an opinion as to the first of these two grounds, we think that, on the second ground, the exception ought to be sustained. We find it laid down, as an elementary rule of law, that a tenant at will has no certain and indefeasible

estate,—nothing that can be granted by him to a third person,—and that if he does assign over his estate to another, who enters on the land, he is a disseisor, and the landlord may have an action of trespass against him. (1 Greenl. Cruise, tit. ix. ch. 1, §§ 7, 8.) Mr. Washburn, in his book on Real Property, says: "Acts by which the tenant forfeits or puts an end to his estate at will are the assignment of his interest to another or his conveying the land itself. But such an assignment does not, of itself, put an end to the tenancy unless the landlord has notice of it. Until then he may treat his lessee as his tenant. He may treat the assignee as his tenant, liable for rent, or may regard him as a trespasser or disseisor, at his election." 1 Washb. on Real Prop. 373. We find nothing in the record before us to show that either the plaintiff or his lessor has ever recognized the defendant as a tenant, or even knew of the subletting till this suit, and by commencing this action against him without notice to quit, the plaintiff signifies his election to regard him as a trespasser or disseisor. The counsel for the defendant contends that, under the liberal provisions of our statute, the defendant ought not to be subjected to suit without previous notice; but our statute, however liberal, does not extend the privilege of notice to a trespasser or disseisor. It may be hard for the defendant to be sued without notice, but it was his own folly to put himself in a position to be sued without notice, or, being in such a position, not to have established relations with the proprietor of the tenement which would have entitled him to notice. If such relations did, in fact, exist, the defendant will have an opportunity to show them on a new trial.

Being of the opinion that the plaintiff's exception ought to be sustained for these reasons, it is unnecessary for us to discuss the other points which have been argued by the counsel.

*New trial granted.*